**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-13506-SC |
| JOHN RICHARD GARCIA, | Chapter 7 |
| Debtor. | |
| WENETA M.A. KOSMALA, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JOHN RICHARD GARCIA, | Adv. No. |
| | **COMPLAINT FOR:** |
| Plaintiff, | **(1) AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. §363(h); AND** |
| ANGIE M. GARCIA AND CHRISTINA GARCIA, INDIVIDUALLY AND AS CO-TRUSTEES OF THE ANGIE M. GARCIA TRUST, DATED OCTOBER 1, 2014, | **(2) FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542** |
| Defendants. | |

**TO THE DEFENDANTS, ANGIE M. GARCIA AND CHRISTINA GARCIA,**

**INDIVIDUALLY AND AS CO-TRUSTEES OF THE ANGIE M. GARCIA TRUST, DATED**

**OCTOBER 1, 2014:**

Plaintiff, Weneta M.A. Kosmala, the duly appointed, qualified and acting chapter 7

trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor John Richard

Garcia (the "Debtor"), hereby files this complaint for: (1) Authorization to Sell Real

1222226.1                                                                                              COMPLAINT:

Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. § 363(h); and (2) Turnover of Estate Property Pursuant to 11 U.S.C. § 542 (the "Complaint") against Angie M. Garcia and Christina Garcia, individually and as Co-Trustees of the Angie M. Garcia Trust, dated October 1, 2014 ("Defendants") and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and 11 U.S.C. §§ 105, 323, 363(h) and 542. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (N).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re John Richard Garcia,* a chapter 7 case bearing case number 8:17-bk-13506-SC currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division, the Honorable Scott Clarkson presiding.

## STATEMENT OF STANDING

5. Debtor filed his chapter 7 bankruptcy petition on August 31, 2017 (the "Petition Date").

6. The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of Debtor's bankruptcy estate (the "Estate").

7. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105, 323, 363 and 542.

## PARTIES TO THE ACTION

8. The Trustee is the duly appointed chapter 7 trustee for Debtor's bankruptcy Estate. This action is brought by the Trustee in her representative capacity only.

9. The Trustee is informed, believes, and alleges that Defendants are the Co-Trustees of the Angie M. Garcia Trust, dated October 1, 2014.

10. The Trustee is informed, believes, and alleges that Defendants are residents of Los Angeles County.

## GENERAL ALLEGATIONS

11. The Trustee incorporates each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein.

12. In his Schedule A, Debtor scheduled a 50% interest in the real property located at 6066 Dennison Street, Los Angeles, California 90022 (the "Property"). Debtor valued the Property at $410,807.00 and scheduled one lien against the Property in the amount of $197,149.

13. In his Schedule C, Debtor initially claimed an exemption in the amount of $28,225 as to the equity in the Property, which he subsequently amended to $14,575 in Amended Schedule C.

14. The Trustee obtained a broker's price opinion of value as to the Property at approximately $475,000 - $500,000. Therefore, the Trustee is informed and believes that there is equity in the Property that the Trustee intends to administer the asset for the benefit of the Estate.

15. The Trustee is informed and believes and thereon alleges that Defendant, Angie M. Garcia is Debtor's mother and currently resides in the Property.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## FIRST CLAIM FOR RELIEF

## (Authorization to Sell the Property in Which Co-Owner Holds

## Interest Pursuant to 11 U.S.C. § 363(h))

16. Trustee incorporates each and every allegation contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

17. Trustee is informed, believes and alleges that partition in kind of the Property among the Estate and Defendants is impracticable as it is a piece of residential real property.

18. Trustee is informed, believes and alleges that the sale of the Estate's undivided interest in the Property, if any, would realize significantly less for the Estate than a sale of the Property free and clear of the interests of the Debtor and Defendants.

19. Trustee is informed, believes and alleges that the benefit to the Estate of a sale of the Property free of the interests of Defendants outweighs the detriment, if any, to Defendants.

20. Trustee is informed, believes and alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

21. For the aforementioned reasons, Trustee may sell both the Estate's interest, under 11 U.S.C. § 363(b), and the interests of Defendants in the Property pursuant to 11 U.S.C. § 363(h).

## SECOND CLAIM FOR RELIEF

## (For Turnover of Estate Property Pursuant to 11 U.S.C. § 542)

22. Trustee incorporates each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

23. Trustee is informed, believes, and alleges that the Property is, or will be, property of the Estate that the Trustee has standing to administer for the benefit of the Estate pursuant to 11 U.S.C. § 541.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

24. The Trustee is not presently in possession of the Property.

25. Trustee is informed, believes, and alleges that the Property is in the possession of Defendants.

26. Pursuant to 11 U.S.C. § 542(a), the Trustee seeks an order compelling the turnover of the Property from Defendants and/or any other party in possession of the Property so that he can administer the Property for the benefit of the Debtor's creditors.

**WHEREFORE**, the Trustee prays that this Court enter a judgment against the Defendants as follows:

### On the First Claim for Relief

1. For judgment that Trustee may sell both the Estate's interest, pursuant to 11 U.S.C. § 363(b), and any interest of Defendants, pursuant to 11 U.S.C. § 363(h), in the Property;

### On the Second Claim for Relief

2. For judgment that the Property be turned over to the Trustee pursuant to 11 U.S.C. § 542 at a time and place designated by the Trustee so that the Trustee can administer the property for the benefit of the estate;

### On all Claims for Relief

3. For judgment awarding pre-judgment and post-judgment interest at the maximum legal rate; and

4. For judgment awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 15, 2019    WEILAND GOLDEN GOODRICH LLP

By: /s/ REEM J. BELLO
REEM J. BELLO
Counsel for Chapter 7 Trustee,
Weneta M.A. Kosmala

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Weneta M.A. Kosmala, soley in her capacity as Chapter 7 Trustee of the Bankruptcy Estate of John Richard Garcia | **DEFENDANTS**<br>Angie M. Garcia and Christina Garcia, Individually as Co-Trustees of the Angie M. Garcia Trust, Dated October 1, 2014 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Drive, Suite 600, Costa Mesa, CA  92626<br>Phone: (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Authorization to Sell Real Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. §363(h); and
(2) For Turnover of Estate Property Pursuant to 11 U.S.C. §542

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[1] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 200,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>JOHN RICHARD GARCIA | BANKRUPTCY CASE NO.<br>8:17-bk-13506-SC ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>CLARKSON |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ REEM J. BELLO |||
| DATE<br><br>JULY 15, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>REEM J. BELLO ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.